You v. Sessions

BIA
Loprest, IJ
A087 707 836

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand eighteen.

PRESENT: DENNIS JACOBS,
BARRINGTON D. PARKER,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

SHIJIE YOU,
*Petitioner,*

v.                                              16-4156
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Curt Donald Schmidt, The Law
                         Office of Joe Zhou & Associates,
                         PLLC, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Cindy S.
                         Ferrier, Assistant Director;
                         Brendan P. Hogan, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shijie You, a native and citizen of the People's Republic of China, seeks review of a November 14, 2016, decision of the BIA, affirming a March 17, 2016, decision of an Immigration Judge ("IJ") denying You's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shijie You,* No. A087 707 836 (B.I.A. Nov. 14, 2016), *aff'g* No. A087 707 836 (Immig. Ct. N.Y. City Mar. 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

You asserted that police in China detained and beat him for disturbing the peace when he organized a protest and fundraiser after the death of a coworker who had been forced

2

to retire early.  As the agency concluded, You failed to establish his eligibility for asylum and withholding of removal based on this claim because he failed to demonstrate that police targeted him on account of a protected ground.

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010).  To demonstrate that persecution or a well-founded fear of persecution is on account of an applicant's political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," rather than merely by the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).  The persecution may be on account of an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005).  Although retaliation for an applicant's opposition to endemic government corruption or economic policies may constitute

3

persecution on account of a political opinion, a persecutor's suppression of an applicant's "challenge to isolated, aberrational acts" does not. *Yueqing Zhang*, 426 F.3d at 546-48; *see also Osorio v. INS*, 18 F.3d 1017, 1029 (2d Cir. 1994) (requiring BIA to consider "the political dimension" and "political context" of economic disputes between a union leader and his government).

You did not testify to any facts from which one could infer that police targeted him on account of his political opinion, imputed or otherwise. He testified that police accused, detained, and charged him with disturbing the peace, and hit him when he questioned their authority. On cross-examination, when asked whether his troubles stemmed solely from the death of his coworker, You mentioned for the first time that he and his coworkers felt the leadership of their company was corrupt. You's single mention of corruption, without testimony that he expressed or took an anti-corruption stand or that police mentioned corruption in detaining or harming him, was insufficient to show that police targeted him on account of any political opinion. *See Yueqing Zhang*, 426 F.3d at 545-48. Accordingly, although the mistreatment You suffered is inexcusable, without any direct or circumstantial evidence to support his claim that he was targeted or would be

targeted on account of his political opinion, the agency did not err in finding that he failed to establish his eligibility for asylum or withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *Yueqing Zhang*, 426 F.3d at 545.

We do not consider the agency's denial of CAT relief because You has not raised that claim in his brief. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court